2009 BNH 016
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 05-15717-MWV |
| | Chapter 7 |
| David M. Castelhano, | |
|     Debtor | |
| | |
| Timothy P. Smith, | |
| Chapter 7 Trustee, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 07-1049-MWV |
| | |
| Kenny Rogers, | |
|     Defendant | |

*Peter N. Tamposi, Esq.*
DONCHESS, NOTINGER & TAMPOSI, P.C.
*Attorney for Timothy P. Smith*

*Daniel M. Deschenes, Esq.*
HINCKLEY, ALLEN & SNYDER, LLP
*Attorney for Kenny Rogers*

*James S. LaMontagne, Esq.*
SHEEHAN, PHINNEY, BASS & GREEN.
*Attorney for David M. Castelhano*

## **MEMORANDUM OPINION**

This matter comes before the Court on a motion for summary judgment filed by Kenny Rogers (the "Defendant"), a cross-motion for summary judgment filed by Timothy P. Smith (the "Plaintiff" or the "Trustee"), and a motion to approve post-petition payments *nunc pro tunc* to the petition date (the "Debtor's Motion") filed by David M. Castelhano (the "Debtor"). Count I of the complaint asserts avoidance and recovery of preferential transfers pursuant to 11 U.S.C. §§ 547 and 550.[1] Count II of the

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

complaint asserts avoidance and recovery of post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550. Both motions for summary judgment pertain to all counts of the complaint. However, the Plaintiff's cross-motion for summary judgment focuses on recovery under Count I. If the Court rules in favor of the Plaintiff, the Defendant alternatively requests an order rendering the transfers non-dischargeable under 11 U.S.C. § 523(a)(13). Both summary judgment motions are brought under Federal Rule of Civil Procedure 56, made applicable to the instant case pursuant to Federal Rule of Bankruptcy Procedure 7056.

Beginning December 3, 2008, January 14, 2009, and January 27, 2009, the Court held hearings on the Defendant's motion, the Plaintiff's motion, and the Debtor's motion, respectively, and took all matters under advisement. For the reasons discussed below, the Defendant's motion for summary judgment, the Plaintiff's cross-motion for summary judgment, and the Debtor's motion to approve post-petition payments *nunc pro tunc* to the petition date are all denied.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

In 2002, the Defendant and Debtor entered into an agreement whereby the Defendant wired the Debtor $104,340 in return for the Debtor to effectuate the purchase and delivery of a vehicle for the Defendant's wife. The Defendant never received the vehicle, nor did the Debtor return the Defendant's money. As a result, the Debtor was charged with first degree felony by the State of Florida Criminal Division. (See Ex. B to Defendant's Mot. for Summ. J.) On October 6, 2005, the Debtor and prosecutors

involved in the Florida case negotiated and entered into a plea agreement in which the Debtor would plead guilty to the felony charge, pay the Defendant $104,340 in restitution, and serve five years of probation. (See id. at Ex. C.) If the Debtor failed to satisfy the terms of the plea agreement, he faced a maximum of thirty years in prison. See id. Subsequently, the Debtor filed for bankruptcy on October 15, 2005, and claimed a homestead exemption of $100,000 pursuant to N.H. Rev. Stat. § 480:1. There was no objection to the Debtor's homestead exemption.

According to the Debtor, prior to filing bankruptcy, he and his non-debtor spouse obtained a joint credit line mortgage on their home in order to comply with the restitution obligation. (See Ex. A to Debtor's Objection to Plaintiff's Mot. for Summ. J.) Both the Debtor and his spouse supposedly made three draws against their joint account. Id. Two bank checks with only the Debtor's name were issued to the Defendant dated October 5, 2005, in the amount of $70,000 and October 15, 2005, in the amount of $30,000. (See Ex. D to Defendant's Mot. for Summ. J.) On November 28, 2005, a third check was issued to the Defendant on behalf of the Debtor and his non-debtor spouse in the amount of $4,340. Id.

The Trustee brings this complaint against the Defendant alleging the three checks (the "payments") are avoidable as either preferential transfers pursuant to § 547, or post-petition transactions under § 549. The Court has allowed the Debtor to intervene in this adversary case. The Defendant moves for summary judgment stating that criminal restitution payments are not avoidable, while the Trustee has filed a cross-motion for summary judgment on his complaint. Additionally, the Debtor has filed a motion to approve the October 15, 2005, and November 28, 2005, checks *nunc pro tunc* to the petition date.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." Rodriquez-Pinto v. Tirado-Delgado, 982 F.2d 34, 38 (1st Cir. 1993) (quoting United States v. One Parcel of Real Prop., 960 F.2d 200, 204 (1st Cir. 1992)). "Material," in the context of Rule 56(c)), means that the fact has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). Courts faced with a motion for summary judgment should read the "record in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodriquez, 23 F.3d 576, 581 (1st Cir. 1994).

## I.  **Defendant's Motion for Summary Judgment**

The Defendant argues that summary judgment in favor of the Defendant is proper, because restitution obligations are not subject to avoidance actions. As support, the Defendant cites to Becker v. County of Santa Clara (In re Nelson), 91 B.R. 904, 906 (Bankr. N.D. Cal. 1988) which holds that avoidance of restitution obligations undermines the authority of state criminal judgments. The Supreme Court in Kelly v. Robinson, 479 U.S. 36, 47 (1986) addressed the issue of the non-dischargeability of restitution obligations in Chapter 13 cases. The Nelson court extended the holding in Kelly to except restitution obligations from avoidance actions. As this Court noted in Bova v. St. Vincent De Paul Corp. (In re Bova), 272 B.R. 49, 53 (Bankr. D.N.H. 2002), the holding in Nelson is erroneous. The issues of dischargeability and avoidance are supported by different goals. Reflecting these goals, Congress chose to amend § 523 of the Code in 1994 to include as excepted from a Chapter 7 discharge certain restitution obligations. However, the specific and enumerated statutory exceptions to avoidance actions have not been amended to include restitution obligations. Miller v. Cumis Ins. Society (In re Lacefield), 167 B.R. 89, 91 (Bankr E.D. Ky. 1994). The appropriate finding is that restitution obligation are subject to

avoidance actions. See id; Richardson v. The R.B.K. Corp. (In re Tyler), 379 B.R. 707, 710-11 (Bankr. W.D. Mich. 2007); Movitz v. Maricopa County (In re Ball), 257 B.R. 309, 314 (Bankr. D. Ariz. 2001); Zimmerman v. Itano Farms, Inc. (In re Currey), 144 B.R. 490 (Bankr. D. Idaho 1992); Bakst v. Atlantic National Bank (In re Kayajanian), 27 B.R. 711 (Bankr. S.D. Fla. 1983).

A restitution obligation is a "debt" within the meaning of the bankruptcy code. Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 555 (1990). In support of the Defendant's motion for summary judgment, the Debtor asserts that avoidance of the restitution payments would lead to an inequitable and unfair result for the Debtor. On the contrary, excepting restitution obligations from avoidance actions takes money away from the estate and other unsecured creditors. The consequence would leave the unsecured creditors paying for the Debtor's criminal actions.

In his motion, the Defendant alternatively requests this Court to rule that if the payments are avoided, they are not subject to discharge. The Bankruptcy Rules require dischargeability of a debt to be determined by the initiation of a complaint in an adversary proceeding. Rule 4007(a),(e); Rule 7001(6). As such, the Court refuses to make such a finding in the present action. Since this Court finds that restitution obligations are subject to avoidance actions, the Defendant is not entitled to summary judgment.

## II. Plaintiff's Cross-Motion for Summary Judgment

The Plaintiff's complaint alleges counts under both § 547(b) and § 549(a). Section 547(b) allows the trustee to avoid, as a preference:

> any transfer of an interest of the debtor in property -
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>     (A) on or within 90 days before the date of the filing of the petition; or
>         . . . .
> (5) that enables such creditor to receive more than such creditor would receive if –
>     (A) the case were a case under chapter 7 of this title;

>(B) the transfer had not been made; and
>(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). "[T]he trustee has the burden of proving avoidability of a transfer under subsection (b) of this section[.]" Id. at § 547(g). Section 549(a) provides the Trustee with authority for avoiding unauthorized post-petition transfers of the estate.[2] "[W]hen exercised, the avoidance power given to a trustee under § 549(a) must be evaluated on the merits of the complaint and the evidence adduced. When all of the elements of avoidance have been met . . . judgment must enter for the trustee." Miranda v. Doral Financial Corp. (In re Marrero), 382 B.R. 861, 866 (B.A.P. 1st Cir. 2008).

Neither party has adequately addressed which of the alleged transfers occurred pre-petition, and those which occurred post-petition. This Court has previously held that the transfer of a check under either § 547(b) or § 549(a) occurs on the date the check is honored. See Smith v. Hall (In re Ottoman's, Inc.), 2002 WL 1011326 1,*2 (Bankr. D.N.H. 2002). While both parties have provided the Court with copies of the checks at issue in this proceeding, the parties have not provided evidence of the date each check was honored. Since the check dated November 28, 2005, was issued after the commencement date of the case, it necessarily follows that the check was honored post-petition. However, the parties disagree as to whether some or all of the alleged transfers constitute "an interest of the debtor" or "property of the estate."

The Plaintiff argues that the checks dated October 5, 2005, and October 15, 2005, were made from the Debtor's personal accounts, while the check dated November 28, 2005, came from a joint account the Debtor holds with his non-debtor spouse. Thus, the Plaintiff argues, the transfers were "of an

---

[2]Section 549(a) provides in relevant part:

"[T]he trustee may avoid a transfer of property of the estate–
    (1) that occurs after the commencement of the case; and . . .
    (2)(B) that is not authorized under this title or by the court."

11 U.S.C. § 549(a).

interest of the debtor in property." On the other hand, the Defendant and Debtor assert that all three checks were issued from a joint bank account held by the Debtor and non-debtor spouse, which in turn was funded from a credit line mortgage that the Debtor and his spouse obtained jointly. Thus, the Defendant and Debtor argue, that at least a portion of the alleged transfers were not "of an interest of the debtor in property" or, alternatively, not "property of the estate." The Court has not been presented with evidence of the name(s) of the primary holder(s) of the checking account from which the checks were issued. A genuine issue remains as to whether two of the alleged transfers occurred pre-petition. Additionally, a genuine issue remains as to whether part of all the alleged transfers constitute an "interest of the debtor" or "property of the estate." Since the Plaintiff must prove that the transfers occurred pre-petition under § 547(b) or post-petition under § 549, and that the transfers were of "an interest of the debtor" or "property of the estate," these issues are material facts. Accordingly, the Plaintiff's cross-motion for summary judgment must be denied.

### III. Debtor's Motion to Approve Post-Petition Payments *Nunc Pro Tunc* to the Petition Date

The Debtor issued the October 15, 2005, and November 28, 2005, checks without prior authorization of the Court. Now, the Debtor moves this Court to grant authorization of his actions *nunc pro tunc* to the petition date. The basis for the Debtor's Motion rests on two arguments: (1) the funds used to make the two payments come from the Debtor's homestead exemption; and (2) equity and fairness compel a ruling in the Debtor's favor since he could be the subject of future litigation and forced to pay twice for the same crime. The Court is not persuaded by either one of the Debtor's arguments. For one, if the trustee prevails in this adversary proceeding, § 551 automatically preserves the transfer for the benefit of the estate.[3] "[T]he only way for a debtor to claim an exemption in property that has been

---

[3] Section 551 provides that:

"Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title,

preserved for the benefit of the estate is through § 522(g) of the Code." <u>Riley v. Sullivan (In re Sullivan)</u>, 387 B.R. 353, 359 (B.A.P. 1st Cir. 2008); § 522(g).[4] However, since the Debtor voluntarily entered into a plea agreement, voluntarily obtained a credit line mortgage, and voluntarily made payments to the Defendant, it is unlikely that the Debtor could assert the exemption right in § 522(g).[5]

Second, denial of the Debtor's Motion would not create an inequitable outcome. If the Debtor is subjected to future litigation regarding his restitution obligation, that is a consequence of his own criminal conduct. Moreover, the Debtor would not pay for his criminal offense twice. If the Trustee succeeds on this adversary proceeding, the assets will be used to pay the Debtor's creditors. Finally, the Debtor states that part of the payments are "of an interest" of his non-debtor spouse. However, as already stated, no definitive proof has been offered as to the account holder(s) of the checking account from which the checks were issued. Accordingly, Debtor's Motion is denied at this time. The Debtor may renew his motion, if applicable, at the disposition of this adversary proceeding.

---

or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate."

11 U.S.C. § 551.

[4]Section 522(g) provides in relevant part:

"Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
    (1)(A) such transfer was not a voluntary transfer of such property by the debtor . . . ."

11 U.S.C. § 522(g)(1)(A).

[5]While the Court may have reason to authorize some of the payments if it is found to be property of the non-debtor spouse, the Debtor has failed to show the Court adequate proof that the payments are not entirely an "interest of the debtor."

## CONCLUSION

For the foregoing reasons, the Defendant's motion for summary judgment, the Plaintiff's cross-motion for summary judgment, and the Debtor's motion to approve post-petition payments *nunc pro tunc* to the petition date are all denied. This constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 24th day of June, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge